UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA J. BEASLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:02-CV-1430-G |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order of reference filed on September 12, 2006, came on to be heard Plaintiff's Motion for Attorney's Fees and Court Costs Under the Equal Access to Justice Act and having considered the relevant pleadings and the statements and arguments of counsel, the court finds and recommends as follows:

Plaintiff filed an initial application for Supplemental Security Income payments and disability insurance benefits on April 7, 1998, alleging an inability to work due to depression and a disability onset date of March 1, 1996. (Administrative Record 16 [Hereinafter Tr.].) She thereafter amended her application to allege a disability onset date of April 1, 1999. (Tr. 18.) Plaintiff's application was denied at the administrative level, as well as on appeal to the District Court. However, on July 25, 2006, the Fifth Circuit Court of Appeals vacated the judgment of the district court. Subsequent to the judgment of the Fifth Circuit, Plaintiff filed her motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). As an agency of the federal government, the Act is applicable to the decisions of the Social Security Administration.

Under the EAJA, a party who prevails against the United States in a federal cause of action is entitled to payment of attorney's fees "absent a showing by the Government that its position in the underlying litigation 'was substantially justified,'" *Scarborough v. Principi*, 541 U.S. 401, 408, 124 S. Ct. 1856, 1862 (2004), or that there are special circumstances that would make such an award unjust, *Sims v. Apfel*, 238 F.3d 597, 600-01 (5th Cir. 2001).[1]  The Government's position is substantially justified where it is "'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).  The Government has the burden to prove that it acted reasonably at all stages in the litigation, including at the administrative level.  *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003).

The Fifth Circuit has found the Government's position "substantially justified" where: (1) the issue addressed in the underlying litigation was one of first impression for the courts, *see id.* at 507, (2) "there was extensive evidence in the record supporting both sides of the dispute and the evidence did not conclusively weigh in favor of either side," *Medrano v. Barnhart*, 149 Fed. Appx. 323, 324 (5th Cir. 2005), and (3) the government relied on controlling precedent from the Fifth Circuit, *Sims*, 238 F.3d at 602.  In both her appeal from the adverse decision of the ALJ to the Appeals Council and in her brief filed in the district court, Beasley argued that the ALJ failed to apply the six factors set forth in 20 C.F.R. § 404.1527(d) in denying her benefits application. (Tr. 408-17, Pl.'s Motion, Part B at 12-25.)  The Appeals Council rejected Plaintiff's request for reconsideration on May 6, 2002.  (Tr. 7-8.)

---

[1] Neither party disputes that Plaintiff meets the regulatory definition of a prevailing party.

At the district court level, the Commissioner acknowledged in her reply that the ALJ was required to apply the factors set forth in § 404.1527(d) when he rejected Dr. Grave's assessments of Plaintiff and argued that the ALJ in fact applied the factors, albeit in a narrative fashion. (Reply at 12.) Specifically, the Commissioner averred that the ALJ discussed Dr. Graves' treating and examining relationship with the claimant, noted that the claimant was receiving mental health treatment from Dr. Graves and found that Dr. Graves' opinions were not supported by the record and inconsistent with other medical evidence in the record. (Reply at 12.) The undersigned accepted the Commissioner's argument and determined that, while the ALJ did not explicitly address all of the § 404.1527(d) factors in his written opinion, he implicitly considered all of the factors. The Plaintiff submitted written objections to the findings and recommendations, wherein she reasserted her arguments concerning the ALJ's duty to consider the § 404.1527(d) factors. The District Judge adopted the findings and recommendations of the undersigned and overruled Plaintiff's objections. However, on appeal, the Fifth Circuit Court of Appeals determined: (1) that the ALJ was required to address all six of the § 404.1527(d) factors because the ALJ rejected the opinion of the treating physician without relying on evidence from another treating or examining physician which controverted Dr. Graves' opinions and (2) that the ALJ apparently failed to perform this analysis.

In her response to Plaintiff's motion for attorney's fees, the Commissioner relies exclusively on the fact that the undersigned recommended that the ALJ's decision be affirmed and that the District Court adopted this recommendation. However, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Sims*, 238 F.3d at 602. Moreover, at the time Plaintiff's appeal was

3

pending at the administrative level, the Fifth Circuit Court of Appeals had previously stated, in no uncertain terms that,

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).
>
> *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis in original).

Furthermore, following *Newton*, the Fifth Circuit consistently acknowledged that an ALJ who rejects the opinion of a treating physician must consider *each* of the § 404.1527(d) factors unless competing evidence from another treating or examining physician exists. *See Frank v. Barnhart*, 34 Fed. Appx. 963, 2002 WL 663756, at *1 (5th Cir. Apr. 1, 2002) (characterizing *Newton* as "requiring, in the absence of competing first-hand medical evidence, that the ALJ consider each of the § 404.1527(d) factors in evaluating the medical opinion of a treating physician"); *Williams v. Barnhart*, 31 Fed. Appx. 833, 2002 WL 180706, at *1 (5th. Cir. Jan. 11, 2002) (noting that "the ALJ was not required to give a more detailed analysis under *Newton*, because there was medical evidence from two examining specialists that controverted the opinion of the treating physician"); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (remanding case where "the ALJ summarily rejected the opinions of [the claimant's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant"); *see also Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 508-512 (S.D. Tex. 2003) (discussing the factual scenarios that fall under the ambit of *Newton*). Based on the aforementioned case law and the Commissioner's failure to cite any case law to the contrary, the court finds that the Commissioner has failed to demonstrate that its position at all levels of litigation was substantially justified. Therefore, Plaintiff is entitled to an award of fees under the EAJA.

Having concluded that Plaintiff is entitled to recover her attorney's fees, the court must determine the amount of fees which are due. Prior to the hearing before the undersigned on October 19, 2006, Barnhart did not file any objection to the amount of attorney's fees sought by Plaintiff. However, counsel for Barnhart orally argued that the amount sought was excessive. The court permitted Defendant to file a supplement to her opposition to an award of attorney's fees over Plaintiff's objection that any objection to the amount sought was untimely. Defendant filed her supplemental response on October 19, 2006, and Plaintiff filed a reply on October 26, 2006. Notwithstanding the fact that Barnhart did not question the amount of fees sought in her initial response filed on September 7, 2006, this fact does not relieve the court of its obligation to independently assess the reasonableness of the fees sought except, perhaps, when the parties stipulate that the fees sought are reasonable, i.e. the court relies on its own expertise to determine that which is reasonable.

The legal issue raised by Plaintiff in seeking judicial relief from the Commissioner's denial of her application is not novel. Indeed, had the sufficiency of the ALJ's application of 20 C.F.R. § 404.1527(d) been a matter of first impression, that factor might have warranted denial of Plaintiff's EAJA motion. *See*, *e.g.*, *Davidson*, 317 F.3d at 507.

The factual milieu contained in the administrative record and against which the ultimate decision of the Commissioner was assessed is lacking in complexity, given that it relates to how the ALJ evaluated the medical records of Dr. Gregory Graves, M.D., who was Plaintiff's treating physician.

Plaintiff's counsel's time records reflect an expenditure of 34.5 hours between July 2, 2003, and September 23, 2003, devoted to review, research, and drafting Plaintiff's opening brief

5

and her reply to Defendant's brief.  Counsel's time records reflect an additional 19 hours between May 20 and May 24, 2004, devoted to Plaintiff's objections to the Magistrate Judge's recommendation.

Included in the amount sought in Plaintiff's EAJA motion is an additional 51 hours expended by her attorney in appealing the District Court's adverse judgment.  *See* Plaintiff's motion, Exh. B.

Finally, Plaintiff seeks fees based on counsel's time in preparing the EAJA motion, her reply to the Defendant's opposition, and her reply filed on October 26, 2006.  *See* Pl.'s Second Reply (15.5 hours).

Defendant does not question the veracity of the time expended by Plaintiff's attorney, nor does the court.  However, the reasonableness of the time expended is another matter.  In laying her predicate for judicial review, Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council.  She raised arguments regarding § 404.1527(d) with citations to both Fifth Circuit authority and to decisions rendered by the court for the Northern District of Texas.  (Tr. 408-13.)  The same argument, though expanded and amplified, and on which she ultimately prevailed at the circuit court level, was repeated in her brief filed in the district court and in her appellate brief.

Given Plaintiff's counsel's expertise in the area of Social Security law and without further explanation, the Magistrate Judge finds that the reasonable time for the attorney's efforts in 2003 for the period between July 2 and September 23 should be reduced to 20 hours, and in 2004 for the period between May 20 and May 24 should be reduced to 12 hours.  For the remainder of 2004, i.e. from October 6 to November 24, during which counsel perfected

6

Plaintiff's appeal and through the filing of her appellate brief, the hours should be reduced to 36 hours. Finally, the reasonable amount for counsel's efforts in 2006 should be based on the expenditure of 9.5 hours.

In computing the dollar amount of recoverable attorney's fees the Magistrate Judge utilizes the formula adopted by the court in *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 614 (N.D. Tex. 2000); *see also* Pl.'s Motion at 4. Applying this standard to the reasonable hours expended, Plaintiff is entitled to recover $2,960.20 for attorney's services rendered in 2003, $7,205.28 for services rendered in 2004, and $1529.79 for services rendered in 2006. In addition to these amounts, Plaintiff is entitled to recover fees for three hours for the period between May 10, 2002, and December 16, 2002, ($435.24), five hours for the period between February 18, 2003, and July 2, 2003, ($740.05), and 1/10 hour on October 6, 2004 ($15.11). The total reasonable fee for Plaintiff's attorney's services is $12,885.67, the "lodestar."

Although application of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), is not mandatory, *see Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005), in her reply filed on October 26, 2006, Plaintiff identifies three of the factors in support of the fee sought. Based upon the Magistrate Judge's experience in handling Social Security cases, I find no basis for finding that they are "undesirable" as explained in *Johnson*. The formula adopted by the court in *Sandoval* insures adequate compensation to counsel notwithstanding that the vast majority of Social Security Appeals are handled on a contingency fee basis. Although Plaintiff succeeded in obtaining reversal of the District Court's judgment, it is premature to address the ultimate success of her claim since it awaits further review by the Commissioner. Accordingly, the sum

of $12,885.67 is an appropriate award for attorney's fees pursuant to the EAJA.

Finally, Plaintiff seeks to recover incurred costs in the amount of $780.22, which is not controverted.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that Plaintiff's EAJA motion be granted and that she recover from the Commissioner the sum of $13,665.89 for her attorney's fees and expenses.

SIGNED this 13th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.